```
             IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE
IN RE:                                  )  Chapter 7
LEXINGTON HEALTHCARE GROUP, INC. and    )
LEXINGTON HIGHGREEN HOLDING, INC.       )  Case No. 03-11007 (MFW)
                                        )
                Debtors.                )
                                        )
ALFRED THOMAS GIULIANO,                 )  Adv. Pro. No.  05-51753
Chapter 7 Trustee,                      )
                                        )
                Plaintiff,              )
                                        )
           v.                           )
                                        )
U.S. NURSING CORPORATION,               )
                                        )
                Defendant.              )
```

**MEMORANDUM OPINION**

Before the Court is the Motion to Dismiss the above adversary proceeding filed by U.S. Nursing Corporation ("USNC"). The Motion is opposed by Alfred Giuliano, the chapter 7 trustee (the "Trustee"). For the reasons stated below, the Court will grant the Motion in part.

I.  BACKGROUND

On April 2, 2003, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code. Prior to bankruptcy, the Debtors operated eight nursing home facilities (the "Facilities") that provided healthcare services including nursing care, subacute care, rehabilitation therapy, and other specialized services.

In response to two nursing strikes in March and May 2001, the Debtors hired USNC to provide temporary nursing staff for six of the Facilities. On September 29, 2003, USNC filed a proof of claim alleging an unsecured, nonpriority claim in the amount of $218,085.98.

On May 19, 2004, the case was converted to a case under chapter 7 of the Bankruptcy Code. On May 18, 2005, the Trustee filed a complaint asserting avoidance of fraudulent transfers under the Bankruptcy Code and Connecticut law, unjust enrichment, and disallowance of USNC's claim pursuant to section 502(b) and (d) (the "Complaint"). On July 11, 2005, USNC filed its Motion to Dismiss. The Motion is fully briefed and ripe for decision.

II. JURISDICTION

This Court has jurisdiction over this adversary, which is a core proceeding, pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (B), (H) & (O).

III. DISCUSSION

A. Standard for Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) only if the movant establishes "beyond doubt that the plaintiff can prove no set of facts" that would entitle it to the relief requested. Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Hishon v. King &

2

Spalding, 467 U.S. 69, 81 (1984). In making its determination, the court is required to "accept the allegations of the complaint as true and draw all reasonable factual inferences in favor of the plaintiff." Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). See also Bogosian v. Gulf Oil Corp., 561 F.2d 434, 462 (3d Cir. 1977).

 B. Basis of Motion to Dismiss

 USNC asserts in its Motion that (a) the Trustee failed to plead the constructive fraud claim with particularity; (b) the quantum meruit claim must be dismissed for failure to state a claim; (c) the Trustee cannot prevail on his claims under sections 544 and 550 of the Code; and (d) the objection to the proof of claim based on alleged overcharges must be dismissed because it is not properly brought as an adversary proceeding. USNC also argues that the request for attorneys' fees is not supported by Connecticut law or the Bankruptcy Code.

  1. Fraudulent Transfer Claim

 USNC argues that the Trustee's fraudulent transfer claim must be dismissed because it is not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, incorporated by Rule 7009 of the Federal Rules of Bankruptcy Procedure. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

3

USNC contends that the Trustee's fraud claim is inadequately pled under Rule 9(b) because it fails to identify the alleged fraud with "precise allegations of date, time or place" or by "injecting precision and some measure of substantiation" into the allegation of fraud. Board of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 n. 10 (3d Cir. 2002) (quoting Naporano Iron & Metal Co. v. American Crane Corp., 79 F. Supp. 2d 494 (D.N.J. 1999)). USNC also asserts that the Trustee did not identify any specific unsecured creditor whose claim existed at the time of the alleged overpayments and the petition date.

                a.    Identification of Specific Invoices

Specifically, USNC argues that the Trustee's Complaint should be dismissed because it does not identify the check number, date and amount of the alleged overpayments or overcharges. USNC asserts that, as a result, it cannot identify the specific invoices that allegedly include the overcharges or the amount in each invoice that the Trustee claims was overpaid. USNC argues that it is unable to prepare its defense without this information.

The Trustee responds that the Rule 9(b) requirements are relaxed in bankruptcy cases. See, e.g., Pardo v. Gozaba (In re APF Co.), 308 B.R. 183, 188 (Bankr. D. Del. 2004). The Trustee contends nonetheless that the Complaint meets the standard by stating "alternative means of injecting precision and some

4

measure of substantiation into [its] allegation of fraud." Pardo v. Avanti Corporate Health Sys., Inc. (In re APF Co.), 274 B.R. 634, 638 (Bankr. D. Del. 2001) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).  The Trustee argues specifically that the Complaint alleges with sufficient detail the transactions leading up to and involving the fraud by attaching four charts that provide a detailed summary of the alleged fraudulent charges.  The charts identify the amounts USNC charged the Debtors compared with the amounts it allegedly should have charged based on the actual hours worked by USNC employees as reflected on their time cards.

The Trustee also contends that the Complaint does not need to identify, by invoice number or date, the amount of the alleged charges or overpayments because the fraud is evident and obvious from USNC's employee sign-in sheets.  The Trustee asserts that USNC is more than capable of comparing its employee sign-in sheets to its invoices to determine what the Trustee's claim is.

USNC disagrees with the Trustee's reliance on the relaxed application of Rule 9(b).  It argues that the Trustee is still responsible for pleading fraud with precision.  "Although liberal, the pleading requirements of the Federal Rules are not intended to reduce a defendant to guesswork and conjecture." Pardo v. Avanti, 274 B.R. at 639-40.  USNC asserts that the allegations made in the Complaint are not adequate even under the relaxed standard.  USNC argues that the Complaint merely parrots

the elements of a claim under the Connecticut Uniform Fraudulent Transfer Act and provides no factual detail to maintain a constructive fraud claim.

The Trustee is correct that, in alleging constructive fraud, the pleading requirements are relaxed. "Despite the similarity in the terms 'fraud' and 'fraudulent conveyance,' the pleading requirements for fraud are not necessarily applicable to pleadings alleging a fraudulent conveyance." Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.), 327 B.R. 711, 717-18 (Bankr. D. Del. 2005) (internal quotations and citations omitted). "[A] claim of constructive fraud need not allege the common variety of deceit, misrepresentation or fraud in the inducement. This is because the transaction is presumptively fraudulent and all that need be alleged is that the conveyance was made without fair consideration while the debtor was functionally insolvent." Id.

Nonetheless, a plaintiff is required to put the defendant on notice as to the basics of the plaintiff's complaint. A plaintiff is required to "set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him so that [he] can prepare an adequate answer." AstroPower Liquidating Trust v. Xantrex Technology, Inc., (In re AstroPower Liquidating Trust), 335 B.R. 309, 333 (Bankr. D. Del. 2005) (internal quotation, citation omitted). See also Official Comm. of Unsecured Creditors v. DVI Bus. Credit, Inc. (In re DVI,

Inc.), 326 B.R. 301, 305-06 (Bankr. D. Del. 2005) (applying Rule 8(a)(2) notice pleading standard in considering motion to dismiss fraudulent transfer claim).

The Trustee fails to meet his burden even under this liberal notice pleading standard.  In Pardo v. Gozaba, the Court identified factors that "would put a defendant on notice as to the basis of the plaintiff's complaint."  308 B.R. at 188.  These factors include identifying the transfer by date, amount, name of the transferor, and name of the transferee.  Id.

While the Trustee's Complaint contains charts, they are a summary only and do not identify specific amounts invoiced by USNC or the specific amounts paid by the Debtors.  Instead, the total time recorded on the sign-in sheets at each facility during each strike period is given.  Although this information serves to substantiate the Trustee's claim that the Debtors received less than reasonably equivalent value for the alleged payments, neither the charts nor the Complaint provide any detail as to the alleged transfers.  The Trustee's allegations regarding the transfers simply restate the statutory requirements.  "Fair notice requires something more than a quotation from the statute . . . ."  Global Link, 327 B.R. at 718 (citing Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.), 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983)).

The Court concludes, therefore, that the facts pled in the Complaint are not sufficient to support the Trustee's allegations

of fraudulent transfer. Counts I and II of the Complaint must be dismissed for failure to plead with the requisite specificity.

Rule 15(a) provides, however, that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It would be inappropriate to dismiss Counts I and II with prejudice, as USNC has requested, simply because the Trustee has not directly requested leave to amend and has not identified additional facts upon which an amended complaint would rely. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Consequently, the Court will grant the Trustee leave to amend Counts I and II within 30 days.

> b.   Identification of a Specific Creditor

USNC also alleges that the fraudulent transfer counts of the Complaint should be dismissed because the Trustee fails to identify the name of a specific creditor whose claim existed at the time of the alleged overpayments and on the petition date. USNC contends that this information is necessary in order to establish the Trustee's standing pursuant to section 544(b). Connecticut law provides that only a creditor whose claim existed as of the date of the alleged fraudulent transfer has standing to pursue a constructive fraud claim. See, e.g., Daly v. Richardson

8

<u>(In re Carrozzella & Richardson)</u>, 302 B.R. 415, 420 (Bankr. D. Conn. 2003).

    USNC acknowledges that courts are split on whether a plaintiff must plead the specific name of a creditor.  <u>Compare Kaliner v. Load Rite Trailers, Inc. (In re Sverica Acquisition Corp.)</u>, 179 B.R. 457 (Bankr. E.D. Pa 1995) ("Such notice is imperative here because the Trustee's rights under Code section 544(b) are derivative of whatever rights the alleged creditor had under state law.  It is crucial therefore that the Defendants have proper notice of the identity of the alleged creditor in order that they might confirm or deny the validity of that entity's claim.") <u>with</u> <u>Brandt v. Hicks, Muse & Co. (In re Healthco Int'l, Inc.)</u>, 195 B.R. 971, 980 (Bankr. D. Mass. 1996) ("The Trustee alleges he represents 'at least one qualified, unsecured creditor holding an allowable unsecured claim which existed at the time of the LBO. . . .'  Under the liberal rule of notice pleading, that allegation is enough.  The Trustee need not name the creditor.")  USNC argues that those courts that require the identification of a creditor are correct because the defendant is entitled to notice of the creditor whose rights are being asserted so that it has the opportunity to answer the complaint, to test the strength of the alleged creditor's claim, and to preserve relevant evidence.

    USNC notes that in this case the alleged fraudulent transfers occurred in early 2001, two years before the Debtor's

bankruptcy filing.  USNC asserts that the length of time mandates that the Trustee identify the creditor on whose claim he relies.

The Trustee counters by noting that Delaware courts have not required that a trustee plead the specific name of a creditor. Pardo v. Avanti, 274 B.R. at 639 ("When analyzing the sufficiency of a complaint for purposes of Rule 12(b)(6), courts do not generally require a trustee to plead the existence of an unsecured creditor by name, although the trustee must ultimately prove such a creditor exists.").  Therefore, the Trustee asserts that the allegation of the existence of an unsecured creditor is sufficient in the Complaint.  "The Complaint clearly satisfies the requirement of Rules 8 and 9(b). . . . Plaintiff's failure to name an existing creditor is of no moment, for he is not required to prove his case at this point; his allegation that such a creditor exists suffices."  Zahn v. Yucaipa Capital Fund, 218 B.R. 656, 673-74 (D.R.I. 1998).

The Court agrees with the Trustee and those cases which hold that the Trustee need not identify the name of a specific creditor on which the Trustee relies.  The Trustee must eventually prove the existence of a specific creditor whose claim existed at the time of the alleged overpayments and on the petition date, but is not required to do so at this stage in the process.  Pardo v. Avanti, 274 B.R. at 639.

2. <u>Unjust Enrichment</u>

In Count III of the Complaint, the Trustee alleges an unjust enrichment claim for the overpayment of services that USNC provided to the Debtors and for payment of services which USNC failed to provide to the Debtors. USNC argues that this remedy is not available because the Trustee pled the existence of an express contract. "Unjust enrichment may only be found where there is no written agreement binding the parties." <u>In re Integrated Health Sys., Inc.</u>, 303 B.R. 577, 584 (Bankr. D. Del. 2003).

The Trustee counters that the unjust enrichment claim is pled in the alternative. <u>See, e.g.</u>, <u>Breakaway Solutions, Inc. v. Morgan Stanley & Co.</u>, No. Civ. A. 19522, 2004 WL 1949300, at *14 (Del. Ch. 2004) (holding that an unjust enrichment claim should not be dismissed because it is pled in the alternative to a breach of contract claim). "Where the complaint asserts claims on theories of both contract and quantum meruit and there is a genuine dispute as to the existence of a contract, the plaintiff need not make a pretrial election between those theories; he is entitled to have the case submitted to the jury on both theories." <u>Rule v. Brine, Inc.</u>, 85 F.3d 1002, 1011 (2d Cir. 1996).

The Trustee notes that the existence of a written express contract is at issue. Although the Trustee believes a written contract exists, the Trustee has found no contract in the

11

Debtors' books and records.  Thus, the Trustee distinguishes the <u>Integrated Health</u> case, on which USNC relies.  303 B.R. at 584.

    USNC contends that the Trustee is not pleading unjust enrichment in the alternative because the Trustee has alleged no breach of contract claim in the Complaint.  Nonetheless USNC asserts there is a contract which governs the parties' conduct and, consequently, unjust enrichment is not available to the Trustee.  USNC asserts that the failure to allege a written contract exists does not mean there is no contract that covers that party's conduct.

    The Trustee's Complaint does allege the existence of a contract.  At this stage in the pleading process, it is permissible for the Trustee to make alternative claims.  Accordingly, at this time, the Court will deny USNC's request to dismiss Count III of the Complaint.  "When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."  Fed. R. Civ. P. 8(e)(2).  Alternative pleading is generally permitted when there is a doubt as to the existence of a contract, or the enforceability or meaning of the terms of the contract.  <u>Breakaway Solutions</u>, 2004 WL 1949300, at *14 (citation omitted).

      3.   <u>Section 502(d)</u>

In Count V, the Trustee requests disallowance of USNC's claim pursuant to section 502(d) which provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).  The Trustee contends that USNC owes the Debtors $494,952 for overcharges and, accordingly, its claim against the estate must be disallowed until the overcharges are repaid.

USNC argues that, because Counts I and II must be dismissed, the Trustee's objection to USNC's claim under section 502(d) must also be dismissed.  The Trustee concedes that success on Counts I or II may be a condition precedent to the operation of section 502(d).  However, the Trustee argues that both Counts have been adequately pled and, therefore, USNC's motion to dismiss Count V should be not be granted.

The Court agrees that, because disallowance of USNC's claim pursuant to section 502(d) is dependent upon the Trustee's fraudulent transfer claims in Counts I and II, Count V must be dismissed unless the Trustee files an amended complaint sufficiently alleging the fraudulent transfers he seeks to avoid in Counts I and II.

      4.   <u>Section 502(b)</u>

In Count IV, the Trustee also objects to USNC's proof of claim, arguing that no amount is due to USNC.  In its Motion, USNC argues that the Trustee's objection must be dismissed without prejudice because the other counts of the Trustee's Complaint must be dismissed.  If an objection to a proof of claim is joined with a demand for relief specified in Rule 7001, the objection to the proof of claim becomes an adversary proceeding. Fed. R. Bankr. P. 3007.  USNC argues that the Trustee has no basis for an adversary proceeding without Counts I, II and III. Therefore, USNC asserts that the objection to claim should be heard as a contested matter, rather than an adversary proceeding.

The Trustee disagrees with USNC's argument because it is wholly reliant on this Court granting the Motion to Dismiss in its entirety and not permitting the Trustee to amend his complaint.  Furthermore, the Trustee states that if the Motion to Dismiss is granted in its entirety, the Trustee's objection should simply be treated as an objection under Rule 3007 rather than dismissed.

USNC's logic is flawed.  The fact that adding a claim under Rule 7001 to an objection to a claim requires all be heard as an adversary proceeding does not mean that an objection to a claim alone cannot be heard as an adversary proceeding. Even so, USNC is correct, however, in its assertion that Count V cannot exist as the sole claim in the adversary proceeding, the Motion to

14

Dismiss has been denied as to Count III and the Trustee has been granted leave to amend Counts I, II and V.  Accordingly, the Court will deny dismissal of Count IV of the Trustee's Complaint.

     5.    <u>Attorneys' Fees</u>

In the Complaint, the Trustee also seeks attorneys' fees and costs.  USNC argues that the Trustee asserts no contractual or statutory basis for attorneys' fees.  <u>See, e.g.</u>, <u>Telesis Merges [sic] & Acquisitions, Inc. v. Health Res., Inc.</u>, No. CV0059772695, 2001 WL 273176, at *7 (Conn. Super. March 1, 2001) (holding that Connecticut Uniform Fraudulent Transfer Act does not allow fees and costs).  USNC asserts that the prayer for recovery must be stricken because the Trustee has alleged no circumstances which allow recovery for attorneys' fees.  Fed. R. Civ. P. 12(f); <u>Bass v. United States</u>, 379 F. Supp. 1208, 1210 (D. Colo. 1974).

The Trustee argues that it cannot confirm whether the contract allows attorneys' fees.  The Trustee asserts he has no copy of the contract and that USNC has refused to produce it until after the resolution of this motion.  Therefore, the Trustee contends that the motion to strike the request for attorneys' fees is premature.

USNC responds that the Trustee must plead an adequate Complaint before USNC is required to conduct a burdensome factual investigation and discovery.  USNC asserts that it is not

15

required to supply the Trustee with the factual information required to support the allegations made in the Complaint.

USNC is correct is its assertion that there is no statutory basis for the Trustee's request for attorneys' fees and costs. "[U]pon proof of a fraudulent conveyance a general creditor may only recover the specific property transferred or the proceeds from the sale of that property." Telesis, 2001 WL 273176, at *7 (citation omitted).

If contractual terms authorize the award of attorneys' fees to the prevailing party in a dispute, however, the Court may grant this request. Id.  If a contractual relationship is found to exist between the Debtors and USNC, those terms could provide grounds for recovery of attorneys' fees and costs.  A motion to dismiss may only be granted if no set of facts could support the claim asserted. See, e.g., Gwynne v. Credit Swisse First Boston (USA), Inc., (In re Quintus Corp.) 332 B.R. 110, 112 (Bankr. D. Del. 2005) (citation omitted) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").  Here, the Trustee argues the existence of a contract that could support a claim for recovery of attorneys' fees.  Therefore, the Motion to Dismiss the Trustee's request for attorneys' fees will be denied.

IV. CONCLUSION

For the reasons set forth above, the Court will grant the Motion of USNC to dismiss Counts I, II, and V of the Complaint without prejudice and grant the Trustee leave to amend the Complaint within 30 days.  The Motion to Dismiss Counts III and IV will be denied.

An appropriate order is attached.

BY THE COURT:

Dated: February 2, 2006

Mary F. Walrath
United States Bankruptcy Judge